JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

13-cv-3056

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
N.F., R.F., and D.F.

## DEFENDANTS
Lower Merion School District

13  3056

**(b)** County of Residence of First Listed Plaintiff   **Montgomery**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   **Montgomery**
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
David G. C. Arnold, Esquire
Suite 106, 920 Matsonford Road
West Conshohocken, Pa. 19428  (610) 397-0722

Attorneys *(If Known)*
Claudia Huot, Esquire
Wisler Pearlstine, LLP, 460 Norristown Road-Suite 110
Blue Bell, Pa. 19422  (610) 825-8400

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question *(U.S. Government Not a Party)*
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | ☒ 448 Education | ☐ 550 Civil Rights ☐ 555 Prison Condition ☐ 560 Civil Detainee - Conditions of Confinement | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1  Original Proceeding
- ☐ 2  Removed from State Court
- ☐ 3  Remanded from Appellate Court
- ☐ 4  Reinstated or Reopened
- ☐ 5  Transferred from Another District *(specify)*
- ☐ 6  Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
20 U.S.C. 1415 and 29 U.S.C. 794a
Brief description of cause:
This case seeks award of counsel fees, costs, and expert fees in an IDEA/Section 504 case

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $**
Less than $150,000

CHECK YES only if demanded in complaint:
**JURY DEMAND:**  ☐ Yes  ☒ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

JUN 4 2013

DATE: 06/04/2013

SIGNATURE OF ATTORNEY OF RECORD
*/s/ David G. C. Arnold*

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

**WY** UNITED STATES DISTRICT COURT **13  3056**

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: Protected from disclosure (F.R.Civ.P. 5.2 and Local Rule 5.1.3)

Address of Defendant: 302 East Montgomery Avenue, Ardmore, Pennsylvania 19003-3399

Place of Accident, Incident or Transaction: Narberth Borough/Lower Merion Township, Pennsylvania
(Use Reverse Side For Additional Space)

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))   Yes☐   No☒

Does this case involve multidistrict litigation possibilities?   Yes☐   No☒

RELATED CASE, IF ANY:   Not Apply
Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐   No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐   No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐   No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐   No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. Federal Question Cases:
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☒ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify) _____

B. Diversity Jurisdiction Cases:
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify) _____

ARBITRATION CERTIFICATION
(Check Appropriate Category)
I, David G. C. Arnold, counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;
☐ Relief other than monetary damages is sought.

DATE: 6/4/13        _David J. C. Arnold_         49819
                    Attorney-at-Law              Attorney I.D.#   JUN 4 2013
NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 6/4/13        _David J. C. Arnold_         49819
                    Attorney-at-Law              Attorney I.D.#

CIV. 609 (5/2012)



IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CASE MANAGEMENT TRACK DESIGNATION FORM

N.F. By and Through His Parents and
Guardians, R.F. and D.F., and R.F. and
D.F. in Their Own Right
                 v.

Lower Merion School District

CIVIL ACTION

NO. 13 3056

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.   ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.   ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.   ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)   ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.   (x)

| 6/4/13 | _David G. C. Arnold_ | Plaintiffs |
|---|---|---|
| Date | Attorney-at-law | Attorney for |
| (610) 397-0722 | (610) 397-0723 | Davidgcarnold@aol.com |
| Telephone | FAX Number | E-Mail Address |

(Civ. 660) 10/02

JUN 4 2013




UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

N.F. By and Through His Parents and
Guardians, R. F. and D.F., and R.F. and
D.F. in their Own Right[1]

    Plaintiffs

V.

Lower Merion School District
302 East Montgomery Avenue
Ardmore, Pennsylvania 19003-3399

    Defendant

Civil Action No.

13　3056

FILED
JUN 0 4 2013
MICHAEL E. KUNZ, Clerk
By_____ Dep. Clerk

## CIVIL ACTION COMPLAINT

Plaintiffs, N.F., R.F., and D.F., by and through their undersigned counsel, now file the present Complaint in order to recover their counsel fees, expert fees, and related costs incurred in their successful prosecution of their special education claims under the Individuals with Disabilities Education Act, 20 U.S.C. §1400 et. seq., hereinafter referred to as the "IDEA," and Section 504 of the Rehabilitation Act, 29 U.S.C. §794. In support of their claims N.F., R.F., and D.F. aver the following:

### PARTIES

1. Plaintiffs, R.F. and D.F. are the parents and guardians of N. F.

2. N.F., R.F., and D.F. all live together in a home located in Narberth, Pennsylvania.

3. Defendant, Lower Merion School District, is located in Montgomery County, Pennsylvania, and is charged with the legal responsibility, among other things, of

---

[1] N.F., R.F., and D.F.'s true names and addresses do not appear in this pleading pursuant to Rule 5.2 of the Federal Rules of Civil Procedure, and Rule 5.1.3 of the Rules of Civil Procedure of the United States District Court for the Eastern District of Pennsylvania. Said information will be made available to this Honorable Court upon request.

providing both regular education, and special education services, to school age children residing in Lower Merion Township and Narberth Borough.

4. The Administration Building for Lower Merion is located at 302 East Montgomery Avenue in Ardmore, Pennsylvania 19003-3399.

## JURISDICTION

5. This Honorable Court has jurisdiction over the claims set forth under 20 U.S.C. § 1415 and 28 U.S.C. § 1331.

## FACTUAL BACKGROUND

6. N.F. is a 13 year old student who resides in the Lower Merion School District, and who presently attends AIM Academy, hereinafter referred to as "AIM." Prior to starting at AIM in January of 2011, N.F. attended Lower Merion's Penn Valley Elementary School from Kindergarten until Fifth Grade.

7. N.F. experienced problems with reading, writing, spelling, and math during his entire time at Penn Valley.

8. In the Fall of 2007, Lower Merion evaluated N.F. at his mother, D.F.'s request, in order to determine whether he was eligible for services under the IDEA.

9. Lower Merion subsequently determined that N.F. had a specific learning disability, and thereby qualified for services under the IDEA.

10. Individualized Education Plans, hereinafter referred to as "IEPs," were thereafter prepared for N.F. for the remainder of the 2007-2008 school year, the 2008-2009 school year, the 2009-2010 school year, and the 2010-2011 school year.

11. D.F. monitored N.F.'s progress at Penn Valley, and helped N.F. with homework on a nightly basis.

12. Although Lower Merion always reported that N.F. was making progress at Penn Valley, D.F. remained skeptical due to her observations of N.F.'s work.

13. D.F. repeatedly voiced her concerns to Lower Merion about N.F.'s academic progress.

14. Concerned about her son's lack of progress, D.F. once again requested Lower Merion to re-evaluate N.F. in the Spring of 2010.

15. Lower Merion subsequently performed the re-evaluation.

16. When N.F. did not respond to Lower Merion's special education programming, R.F. and D.F. started to investigate alternative placements for N.F.

17. D.F. then called an IEP Meeting in December of 2010 in order to share her concerns about N.F.'s progress, and Lower Merion's special education programming.

18. At an IEP Meeting conducted on December 1, 2010, D.F. placed Lower Merion on notice that she was considering placing N.F. at AIM, and she advised Lower Merion of her concerns regarding N.F.'s special education programming.

19. Following the December 2010 IEP Meeting, AIM tested N.F., and said testing indicated that N.F. was nowhere near the academic levels that Lower Merion had previously reported.

20. R.F. and D.F. thereafter removed N.F. from Lower Merion in December of 2010, and started N.F. at AIM in January of 2011.

21. N. F., R.F. and D.F. filed for Due Process on October 3, 2012, seeking relief under both the IDEA and Section 504 of the Rehabilitation Act. N. F., R.F. and D.F. sought compensatory education from October 3, 2010, until December 31, 2010. N. F., R.F.

and D.F. also sought tuition reimbursement for N.F.'s tuition at AIM from January 1, 2011, through the end of the 2012-2013 school year.

22. The Due Process case was tried over four (4) hearing days, and Hearing Officer William F. Culleton, Jr., Esquire, subsequently issued a Due Process Decision in favor of N. F., R.F. and D.F. on February 28, 2013. In his decision, Hearing Officer Culleton awarded N. F., R.F. and D.F. both compensatory education, and partial tuition reimbursement for N.F.'s placement at AIM.

## COUNT I

23. N. F., R.F. and D.F. incorporate herein by reference paragraphs 1 through 22 of this Complaint as if set forth herein at length.

24. Hearing Officer Culleton's Hearing Decision in favor of N. F., R.F. and D.F. makes them the prevailing party in the administrative proceeding, and in light of this fact, they are entitled to recoup their counsel fees, expert fees, and expenses pursuant to 20 U.S.C. § 1415 and 29 U.S.C. § 794a.

25. N. F., R.F. and D.F. incurred $38,000.00 in counsel fees to date, and $1,024.39 in expenses to date.

26. The aforementioned counsel fees and expenses were reasonably incurred, and are appropriate in light of counsel fees and legal expenses charged by attorneys in the Philadelphia Metropolitan marketplace.

27. N. F., R.F. and D.F. also incurred $6,395.00 in expert fees to date in conjunction with their prosecution of their case.

28. The aforementioned expert fees were reasonably incurred, and are appropriate in light of expert fees charged in the Philadelphia Metropolitan marketplace.

WHEREFORE, Plaintiffs, N. F., R.F. and D.F. respectfully request that this Honorable Court grant them the following relief against Defendant, Lower Merion School District:

(1). Award them the $38,000.00 in counsel fees plus interest incurred to date pursuant to 20 U.S.C. § 1415 and 29 U.S.C. § 794a;

(2). Award them all counsel fees plus interest incurred in conjunction with bringing the present case to collect counsel fees pursuant to 20 U.S.C. § 1415 and 29 U.S.C. § 794a;

(3). Award them the $1,024.39 in expenses plus interest incurred to date pursuant to 20 U.S.C. § 1415 and 29 U.S.C. § 794a;

(4). Award them all expenses incurred in conjunction with bringing the present case to collect expenses pursuant to 20 U.S.C. § 1415 and 29 U.S.C. § 794a;

(5). Award them $6,395.00 in expert fees plus interest incurred to date pursuant to 29 U.S.C. § 794a; and

(6). Award them all expert fees incurred in conjunction with bringing the present case to collect expert fees pursuant to 29 U.S.C. § 794a.

Respectfully submitted,

*David G. C. Arnold*
David G. C. Arnold

Pennsylvania Attorney Identification No. 49819

Suite 106, 920 Matsonford Road
West Conshohocken, Pennsylvania 19428
(610) 397-0722

Attorney for Plaintiffs

Dated: June 4, 2013

6